MAC/klc: 11/17/17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SPECIAL EVENT SERVICE AND**
**RENTAL INC.,** a Tennessee corporation,

        Plaintiff,

    v.

**GREENBRIER HOTEL**
**CORPORATION**, a West Virginia
Corporation, **OLD WHITE CHARITIES,**
a West Virginia corporation, and **JOHN**
**DOE INSURANCE COMPANIES 1**
**THROUGH 20**, foreign corporations.

        Defendants

Civil Action No. 5:17-cv-04466

## COMPLAINT

    COMES NOW the Plaintiff, Special Event Service and Rental Inc., and for its Complaint

against Defendants Greenbrier Hotel Corporation, Old White Charities and John Doe Insurance

Companies 1 through 20, states and avers as follows:

    1.    Plaintiff, Special Event Service and Rental Inc. ("SESR"), is a Tennessee

Corporation, with its principal place of business located in Shelby County, Tennessee.

    2.    Defendant, Greenbrier Hotel Corporation is a West Virginia Corporation with its

principal place of business in White Sulphur Springs, Greenbrier County, West Virginia.  At all

relevant times herein, Greenbrier Hotel Corporation was engaged in the business of owning,

managing, promoting and/or operating a hotel and/or resort known as The Greenbrier.  At all

relevant times herein, Greenbrier Hotel Corporation owned, managed and/or operated a golf

course and an annual professional golf tournament known as The Greenbrier Classic.  At all

relevant times herein, Greenbrier Hotel Corporation conducted business in West Virginia and

Greenbrier County, West Virginia.

3.       Greenbrier Hotel Corporation includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational entities of any kind, their predecessors, successors, and assigns, and their present officers, directors, employees, agents, representatives, and any other person acting on their behalf.

4.       Defendant, Old White Charities is a West Virginia Corporation with its principal place of business in White Sulphur Springs, Greenbrier County, West Virginia.  At all relevant times herein, Old White Charities was engaged in the business of owning, managing, promoting, operating and/or performing sport related events, including but not limited to, golf tournaments and/or golf outings, and conducted business in West Virginia and Greenbrier County, West Virginia.  At all relevant times herein, Old White Charities owned, managed, promoted, operated and/or performed The Greenbrier Classic.

5.       Old White Charities includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational entities of any kind, their predecessors, successors, and assigns, and their present officers, directors, employees, agents, representatives, and any other person acting on their behalf.

6.       At all relevant times herein, The Greenbrier Classic was jointly owned, operated, performed and/or managed by Greenbrier Hotel Corporation and Old White Charities.

7.       Defendants Greenbrier Hotel Corporation and Old White Charities are hereinafter collectively referred to as "The Greenbrier".

8.       Upon information and belief, defendants, John Doe Insurance Companies 1 through 20, are foreign corporations with their principal places of business located outside of the state of West Virginia.  At all material times herein, John Doe Insurance Companies 1 through

2

20 solicited and sold insurance policies within the state of West Virginia and specifically did business and/or insured risks in Greenbrier County, West Virginia.

9.      John Doe Insurance Companies 1 through 20 include any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational entities of any kind, their predecessors, successors, and assigns, and their present officers, directors, employees, agents, representatives, and any other person acting on their behalf.

10.     The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants are citizens of different states, the damages exceed $75,000.00, and the wrongful acts of Defendants occurred in Greenbrier County, West Virginia, and within the Southern District of West Virginia.

11.     Venue is proper in this Court because the cause of action arose in Greenbrier County, West Virginia and within the Southern District of West Virginia.

12.     From in or about 2011 to the present date, The Greenbrier owned, managed, conducted and/or operated The Greenbrier Classic, which said event was held at the Greenbrier Resort located in White Sulphur Springs, Greenbrier County, West Virginia.

13.     From in or about 2011 through 2016, The Greenbrier rented on an annual basis various equipment from SESR which The Greenbrier utilized in operating, conducting and/or performing The Greenbrier Classic at the Greenbrier Resort in White Sulphur Springs, Greenbrier County, West Virginia.

14.     The Greenbrier rented equipment annually from SESR, as aforesaid, on the same terms and conditions, including but not limited to, the following: The Greenbrier was liable to SESR for all loss or damage to the leased equipment while in possession of The Greenbrier, regardless of the cause or origin of such loss or damage; In the event of total loss to the

3

equipment while it was in the possession of The Greenbrier, The Greenbrier agreed to pay the amount  printed on the face of the Agreement of Bill of Lading as Replacement Cost, Declared Value or Insurance Value, which the parties agreed is the current fair market value of the equipment and is available upon request; and The Greenbrier was required to maintain insurance upon the equipment for full replacement value for loss occurring to the leased property.

15.    On or about June 1, 2016 SESR proposed to lease to The Greenbrier the equipment for use at the 2016 Greenbrier Classic to be held at the Greenbrier Resort in White Sulphur Springs, Greenbrier County, West Virginia (hereinafter "The Proposal").  The Proposal provided, *inter alia*, that the leasing of equipment by The Greenbrier from SESR was to be on the terms and conditions set forth in SESR's Rental Agreement Terms & Conditions, a copy of which is attached to this Complaint as Exhibit "1" and incorporated by reference as though fully stated herein (hereinafter referred to as the "Rental Agreement Terms & Conditions").

16.    The Proposal, including the Rental Terms and Conditions of SESR to lease equipment to The Greenbrier for use at the 2016 Greenbrier Classic, were consistent with the parties prior course of dealings, and were in material respects, the same terms and conditions upon which SESR previously leased similar equipment to The Greenbrier for use at previous Greenbrier Classic golfing events.

17.    The Greenbrier's acceptance of The Proposal, including the Rental Agreement Terms & Conditions, was to be made by The Greenbrier paying to SESR the full rental payment for the equipment proposed to be rented in the amount of One Hundred Twenty Eight Thousand Four Hundred Seventy Five Dollars ($128,475.00) by June 3, 2016.

18.     On or about June 1, 2016, The Greenbrier accepted SESR's proposal, including the Rental Terms & Conditions, by paying SESR the contract price of One Hundred   One Hundred Twenty Eight Thousand Four Hundred Seventy Five Dollars ($128,475.00).

19.     Subsequently, in reliance on the acceptance by The Greenbrier of The Proposal, including the Rental Terms & Conditions, and in performance of their lease agreement, SESR caused its equipment specified in The Proposal to be delivered to The Greenbrier on or about June 16, 2016 for use at the 2016 Greenbrier Classic.

20.     Upon information and belief, prior to June 2016, The Greenbrier procured from John Doe Insurance Companies 1 through 20, insurance policies which provided insurance coverage for damage to and/or the loss of SESR's equipment being leased and while in the possession of The Greenbrier in connection with the 2016 Greenbrier Classic (hereinafter the "John Doe Insurance Policies").

21.     Upon information and belief, SESR is an insured under and/or third party beneficiary to the John Doe Insurance Policies.  As an insured and/or third party beneficiary of the John Doe Insurance Policies, the John Doe Insurance Companies 1 through 20 have contractual and other legal obligations which are owed to SESR.

22.     On or about June 23, 2016 and while SESR's equipment was being leased by The Greenbrier for the 2016 Greenbrier Classic and was in possession of The Greenbrier, SESR's equipment was damaged and/or destroyed, resulting in a loss to SESR.  The loss sustained by SESR as a result of damage and/or destruction of SESR's equipment while in possession of The Greenbrier was Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90).

23. At all relevant times herein, SESR was the owner of all equipment which SESR leased to The Greenbrier which was damaged and/or destroyed in connection with the 2016 Greenbrier Classic.

24. Pursuant to the terms of their lease agreement, The Greenbrier was required to pay SESR for all loss and/or damage to SESR's equipment which SESR had leased to The Greenbrier and related expenses, regardless of the cause or origin of such loss or damage.

25. On or about September 20, 2016 SESR submitted a Notice Of Claim to The Greenbrier in the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90) for SESR's losses as a result of damage and/or destruction of SESR's equipment in connection with the 2016 Greenbrier Classic. SESR also requested that The Greenbrier submit SESR's claim to The Greenbrier's insurers.

26. In or about December 2016, SESR was informed that John Doe Insurers 1 through 20 had accepted and agreed to pay SESR's losses in the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90) in connection with the 2016 Greenbrier Classic, and further, that payment would be forthcoming.

27. In January 2017, when payment was not received, SESR demanded that John Doe Insurers 1 through 20 make immediate payment to SESR for SESR's losses in connection with the 2016 Greenbrier Classic. Thereafter, John Doe Insurers 1 through 20 failed and refused to make payment to SESR for SESR's losses in connection with the 2016 Greenbrier Classic.

28. On or about May 18, 2017, SESR notified The Greenbrier that SESR had not been paid for SESR's losses in connection with the 2016 Greenbrier Classic. SESR demanded that The Greenbrier pay SESR for SESR's losses in accordance with the terms and conditions of the

6

lease agreement between SESR and The Greenbrier in the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90).

29.     On or about August 14, 2017 SESR made further demand upon The Greenbrier that The Greenbrier pay SESR for SESR's losses in connection with the 2016 Greenbrier Classic.

30.     On or about August 31, 2017, The Greenbrier made an offer to settle the claim made by SESR for the sum of Six Hundred Eighteen Thousand Nine Hundred Eighty Dollars and Ninety Cents ($618,980.90).

31.     On or about September 1, 2017, SESR accepted The Greenbrier's offer to settle SESR's claim for the sum of Six Hundred Eighteen Thousand Nine Hundred Eighty Dollars and Ninety Cents ($618,980.90).

32.     Thereafter, The Greenbrier refused and/or failed to pay SESR the sum of Six Hundred Eighteen Thousand Nine Hundred Eighty Dollars and Ninety Cents ($618,980.90) which The Greenbrier had agreed to pay SESR pursuant to their settlement agreement.

33.     Upon information and belief, prior to September 14, 2017 The Greenbrier submitted a claim for insurance benefits to Jon Doe Insurance Companies 1 through 20 seeking to recover insurance benefits for losses sustained in connection which the 2016 Greenbrier Classic (hereinafter "The Insurance Claim").

34.     Upon information and belief, The Greenbrier sought to recover the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90) in The Insurance Claim for losses and/or damage to SESR's equipment in connection the 2016 Greenbrier Classic.

7

35.     Upon information and belief and in order to secure payment of insurance benefits in connection with The Insurance Claim, The Greenbrier represented it was contractually obligated to pay SESR and/or would pay SESR for SESR's losses in connection with the 2016 Greenbrier Classic.

36.     Upon information and belief, in 2017 John Doe Insurance Companies 1 through 20 paid The Greenbrier insurance benefits for damages to SESR's equipment in connection with the 2016 Greenbrier Classic (hereinafter "The Insurance Payment").

37.     Upon information and belief, The Insurance Payment made to The Greenbrier was in the amount of Six Hundred Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90).

38.     The Insurance Payment has never been paid to SESR and is still due and owing to SESR, notwithstanding that SESR has made demand upon The Greenbrier to pay SESR for the damages sustained to SESR's equipment in connection with the 2016 Greenbrier Classic.

39.     The Greenbrier has refused give up possession to SESR and/or to pay SESR The Insurance Payment.

40.     Upon information and belief, SESR is the rightful owner of The Insurance Payment paid to and received by The Greenbrier.

41.     Upon information and belief, The Greenbrier continues to exercises dominion over and/or still possesses and/or still asserts a claim of ownership inconsistent to that of SESR in and to The Insurance Payment.

42.     Plaintiff incorporates herein by reference each of the averments set forth in Paragraphs 1 through 30 as though set forth in each and every Count of this Complaint.

## COUNT I
## BREACH OF CONTRACT AGAINST THE GREENBRIER

43.     The actions of The Greenbrier, as aforesaid, constitute a breach of contract by failing to pay SESR the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90) for the damage and/or loss of its equipment in connection with the 2016 Greenbrier Classic.

44.     The actions of The Greenbrier, as aforesaid, also constitute a breach of contract by failing to pay SESR the settlement amount which it agreed to pay in the amount of Six Hundred Eighteen Thousand Nine Hundred Eighty Dollars and Ninety Cents ($618,980.90) in settlement of SESR's claim for the loss of SESR's equipment in connection with the with the 2016 Greenbrier Classic.

45.     Alternatively, the actions of The Greenbrier, as aforesaid, constitute a breach of contract by failing to obtain insurance that insured and would pay SESR for the damage to and/or loss of SESR equipment in connection with the with the 2016 Greenbrier Classic.

46.     As a direct and proximate result of the actions, omissions, and/or conduct of the Defendant alleged in this count of the Complaint, Plaintiff was damaged and injured as is hereinafter set forth.

## COUNT II
## CONVERSION AGAINST THE GREENBRIER

47.     The actions of The Greenbrier, as aforesaid, constitute the conversion of monies due and owing to SESR in the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90).

48.     As a direct and proximate result of the actions, omissions, and/or conduct of the Defendant alleged in this count of the Complaint, Plaintiff was damaged and injured as is hereinafter set forth.

## COUNT III
## UNJUST ENRICHMENT AGAINST THE GREENBRIER

49.     The defendant, The Greenbrier has been unjustly enriched in the amount of Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90) by receiving funds which were paid to The Greenbrier for the damage and/or loss of equipment and/or property owned by SESR, and which amount is till due and owing to SESR and for which The Greenbrier should be required to disgorge to and/or pay such funds to SESR.

50.     As a direct and proximate result of the actions, omissions, and/or conduct of the Defendant alleged in this count of the Complaint, Plaintiff was damaged and injured as is hereinafter set forth.

## COUNT IV
## CONSTRUCTIVE TRUST AGAINST THE GREENBRIER

51.     The defendant, The Greenbrier is in possession of the aforesaid Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90), which represents money due and owing to SESR, and which The Greenbrier obtained from John Doe Insurance Companies 1 through 20 through fraud, or even if originally without fraud, it is against equity that The Greenbrier should continue to retain said payments, when said payments were made to The Greenbrier for damages to equipment and/or property owned by SESR, and which amount is till due and owing to SESR an should be in the possession of SESR.

52.     A constructive trust exists in favor of SESR upon the aforesaid Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90) which is in the possession of The Greenbrier.

53.     Performance of the constructive trust requires The Greenbrier transfer and/or pay to SESR the aforesaid Six Hundred Twenty Two Thousand Nine Hundred Eighty Dollars and Ninety Cents ($622,980.90), which The Greenbrier has failed and/or refused to pay.

54.     As a direct and proximate result of the actions, omissions, and/or conduct of the Defendant alleged in this count of the Complaint, Plaintiff was damaged and injured as is hereinafter set forth.

## COUNT V
## BREACH OF CONTRACT AGAINST
## JOHN DOE INSURANCE COMPANIES 1 THROUGH 20

55.     Upon information and belief, SESR was an insured and/or third party beneficiary of the insurance policies issued by John Doe Insurance Companies 1 through 20 which provide insurance insuring damage and/or losses to the equipment and/or property of SESR in the possession of The Greenbrier in connection with the 2016 Greenbrier Classic.

56.     John Doe Insurance Companies 1 through 20 breached their contracts/agreements and/or obligations to SESR by failing to pay SESR for the damage and loss to the equipment and/or property of SESR in connection with the 2016 Greenbrier Classic.

57.     As a direct and proximate result of the breach of contract of John Doe Insurance Company 1 through 20 as is herein described, SESR Plaintiff was damaged and injured as is hereinafter set forth.

## COUNT VI
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
## AGAINST JOHN DOE INSURANCE COMPANIES 1 THROUGH 20

58.     John Doe Insurance Companies 1 through 20 breached the implied covenant of good faith and fair dealing which is implicit in the respective insurance policies insuring SESR's

11

personal property, by failing to pay SESR for the damages and/or losses to its equipment and/or property in connection with the 2016 Greenbrier Classic.

59.     As a direct and proximate result of the breach of contract of John Doe Insurance Company 1 through 20 as is herein described, SESR Plaintiff was damaged and injured as is hereinafter set forth.

**COUNT VII**
**UNFAIR CLAIMS SETTLEMENT PRACTICES ACT VIOLATIONS, W.VA.**
**CODE §33-11-4(9) AGAINST JOHN DOE INSURANCE COMPANIES 1 THROUGH 20**

60.     John Doe Insurance Companies 1 through 20, by and through their conduct as described herein, has violated West Virginia insurance regulations, standards, and laws, specifically including W.Va. Code § 33-11-4(9), with such frequency as to indicate a general business practice. In contravention of their duties and obligations under the applicable insurance policies and W.Va. Code § 33-11-4(9), Defendants John Doe Insurance Companies 1 through 20 have:

(a)     Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue in violation of W.Va. Code § 33-11-4(9)(a);

(b)     Failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies in violation of W. Va. Code § 33-11-4(9)(b);

(c)     Failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies in violation of W. Va. § 33-11-4(9)(c);

(d)     Refused to pay claims without conducting a reasonable investigation based upon all available information in violation of W. Va. § 33-11-4(9)(d);

(e)     Failed to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed in violation of W. Va. § 33-11-4(9)(e);

(f)     Not attempted in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear in violation of W. Va. § 33-11-4(9)(f); and

(g)     Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement in violation of W. Va. § 33-11-4(9)(n).

61.     As a direct and proximate result of these unfair claim practices, which evidence a general business practice, Plaintiff has been damaged and injured as is hereinafter described.

## COUNT VIII
## PUNITIVE DAMAGES AGAINST JOHN DOE INSURANCE COMPANIES 1-20 AND THE GREENBRIER

62.     The acts omissions, and/or conduct of John Doe Insurance Companies 1 through 20 and The Greenbrier, as described herein, were willful, wanton, and malicious and/or reckless and/or done with criminal indifference to the civil rights of others, specifically including Plaintiff, and warrant the assessment of punitive damages.

63.     The acts, omissions, and/or conduct of John Doe Insurance Companies 1 through 20 and The Greenbrier, as described herein, were further carried out with actual malice towards Plaintiff and/or were done with a conscious, reckless, and outrageous indifference to the rights of Plaintiff. Punitive damages are justified to punish John Doe Insurance Companies 1 through 20 and The Greenbrier for their willful, wanton, malicious, and/or reckless conduct and/or actual malice which caused and/or contributed to the damages sustained by Plaintiff.

13

64.     Punitive damages will serve to deter John Doe Insurance Companies 1 through

20, and The Greenbrier together with other reckless corporation and individuals, from

conducting business in West Virginia in this reckless manner.

## DAMAGES

65.     As a direct and proximate result of the acts of Defendants as alleged in each count

of this Complaint, SESR has suffered damages which include but may not be limited to the

following:

(a)     The loss of its equipment and/or property; the loss of use of its equipment and/or
        property;  the loss of the insurance benefits for the damage and/or loss of its
        equipment and/or property; the loss of the settlement monies in connection with
        the damage to and/or loss of its equipment and/or property in the amount of Six
        Hundred Twenty Two  Thousand Nine Hundred Eighty Dollars and Ninety Cents
        ($622,980.90);

(b)     Plaintiff has suffered annoyance, aggravation and inconvenience and will
        continue to suffer these damages in the future;

(c)     Plaintiff has and will in the future incur attorney fees and costs in the
        investigation and prosecution of this litigation; and

(d)     Plaintiff has and will in the future incur other damages permitted by applicable
        law.

WHEREFORE, your plaintiff, SESR demands judgment against Defendants, jointly and

severally, for:

(a)     An amount of compensatory damages determined by a judge or jury according to
        the laws of the State of West Virginia;

(b)     An amount of punitive damages  against to be determined by a judge or jury
        according to the laws of the State of West Virginia;

(c)     Pre-judgment and post-judgment interest as provided under the law;

(d)     Costs and attorney fees expended in the prosecution of this matter, if permitted;
        and

14

(e)   Any and all further relief as a court and/or jury deem just and proper.

The minimum jurisdictional amount established for filing this action is satisfied.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL MATTERS

Respectfully Submitted,

**SPECIAL EVENT SERVICE AND
RENTAL INC.,** *Plaintiff,*

By: _____

Mark A. Colantonio (4238)
Robert J. Fitzsimmons (9656)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Ave
Wheeling, West Virginia  26003
Phone: (304) 277-1700
Fax:    (304) 277-1705
Email: mark@fitzsimmonsfirm.com
Email: rocky@fitzsimmonsfirm.com